UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FM GLOBAL TECHNOLOGIES LLC<br>formerly known as<br>FACTORY MUTUAL RESEARCH CORP.<br><br>Plaintiff,<br>v.<br><br>RANTEC POWER SYSTEMS, INC.,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>05 11226 JLT<br><br>**COMPLAINT**<br><br>MAGISTRATE JUDGE Alexander |

Plaintiff FM GLOBAL TECHNOLOGIES LLC, by this Complaint, seeks express indemnity against defendant RANTEC POWER SYSTEMS, INC., and alleges as follows:

**PARTIES**

1.  Plaintiff FM GLOBAL TECHNOLOGIES LLC ("FM") is a limited liability corporation duly organized and existing pursuant to the laws of the State of Rhode Island with its principal place of business in Norwood, Massachusetts. As of January 1, 2002, FM is the successor in interest to FACTORY MUTUAL RESEARCH CORPORATION ("FMRC").

2.  Defendant RANTEC POWER SYSTEMS, INC. ("Rantec") is and at all times material herein was a corporation duly organized and existing pursuant to the laws of the State of Delaware with its principal place of business in California.

**JURISDICTION**

3.  This Court has diversity jurisdiction of the action pursuant to the provisions of 28 U.S.C. § 1332(a).

4.  The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## VENUE

5.  Venue is proper under 28 U.S.C. § 1391(a) in the District of Massachusetts because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

### FMRC's Approval of RANTEC's Telescoping Sprinkler Assemblies and The Indemnity Agreement

6.  FM performs testing, issues product standards, and publishes a directory of listed products for property conservation. If a product meets FM's approval criteria, FM permits the use of its mark on the product, which means the product may carry a label declaring that the product is FM Approved. The product is then included in the FM Approval Guide, which is published on a yearly basis.

7.  At all times material, RANTEC was the manufacturer and seller of components of anechoic chambers, including, but not limited to telescoping sprinkler assemblies.

8.  In 1982, RANTEC approached FMRC and requested approval of its telescoping fire sprinkler assemblies.

9.  By May 11, 1990, FMRC had completed its testing of RANTEC's telescoping sprinkler assemblies, which it found satisfactory, and advised RANTEC that approval could not be granted until an Approval Agreement was signed.

10. On or about July 10, 1991, FMRC and RANTEC entered into an Approval Agreement. The Approval Agreement contains an indemnity and hold harmless clause that states:

> The Agreement is made by and between Factory Mutual Research Corporation, (herein called FMRC), and Rantec Microwave and

BN1 35024324.1

2

Electronics, Incorporated, Calabasas, California 91302 (herein called the Client). . . .

In consideration of FMRC Approval of the product or service the Client is authorized to indicate such approval, as stated in the above report, and agrees to the following and terms stated on the reverse side of this Agreement.

\* \* \*

4. The Client shall assume full responsibility for the design, material, workmanship and operation of the product or the quality of the service rendered and agrees to hold harmless and indemnify FMRC from any claims and liability to the Client or others for any kind or type of injury or damage, including without limitation, loss of earnings or profits, caused by or in any way connected with any of the services rendered by FMRC, or arising out of any defect, accident, damage or injury related to the product or service referenced herein.

A true and correct copy of the Approval Agreement is attached hereto as Exhibit "A" and is incorporated herein by this reference.

### Rantec Breaches the Indemnity and Hold Harmless Clause by Prosecuting Third Party Claims Against FM in the Massachusetts Lockheed Litigation

11. On March 27, 1997 a loss involving Rantec telescoping sprinkler assemblies occurred at a Lockheed Martin facility in Merrimack, New Hampshire. As a result, water escaped from the fire suppression system and caused substantial damage to Lockheed property.

12. Lockheed and its subrogated insurers originally filed suit against Rantec, in the Central District of California, on December 20, 1999. As first filed, that suit included the Merrimack, New Hampshire claims, as well as other claims against Rantec.

13. On August 8, 2000 the Merrimack, New Hampshire claims were severed, and were subsequently transferred to the United States District Court for the District of Massachusetts by agreement of the parties (herein the "Massachusetts Lockheed Litigation").

14. On June 12, 2001 the United States District Court Judge in Massachusetts allowed Rantec to file an amended third-party complaint that added counts against FMRC, and others.

15. On November 29, 2001 the Court allowed Rantec to file a second Amended Third-Party Complaint adding additional counts against FMRC, and others.

16. Rantec's counts against FMRC included allegations concerning the Rantec telescoping sprinkler assemblies, and the services rendered by FMRC.

17. After being added to the Massachusetts Lockheed Litigation, FMRC defended Rantec's third party claims, thereby incurring fees and costs, including attorneys' fees.

18. On April 20, 2005 the Massachusetts court granted both Rantec and FMRC's motions for summary judgment and ordered dismissal of those claims.

19. The hold harmless and indemnity provisions of the Approval Agreement attached at Exhibit "A" require Rantec to reimburse FM for all fees and costs, including attorneys' fees, that it and its predecessor FMRC incurred in defending Rantec's third-party claims against FMRC in the Massachusetts Lockheed litigation.

20. After the summary judgment ruling, FM demanded that Rantec indemnify it for the costs and fees incurred in defending Rantec's third-party claims in the Massachusetts Lockheed litigation.

## COUNT ONE

### Express Indemnity

21. FM incorporates by reference the allegations contained in Paragraphs 1 through 20 above, as though set forth fully herein.

22. On or about July 10, 1991, FM and RANTEC entered into an Approval Agreement in which RANTEC agreed to indemnify FM for "any claims and liability to the

Client [RANTEC] or others for any kind or type of injury or damage, including without limitation, loss of earnings or profits, caused by or in any way connected with any of the services rendered by FMRC, or arising out of any defect, accident, damage or injury related to the product or service referenced herein."

23.     RANTEC asserted claims against FMRC alleging that FMRC was liable to RANTEC and Lockheed based on services rendered by FMRC and arising out of a defect, accident, damage or injury related to the RANTEC telescoping sprinkler assembly that FMRC approved.

24.     FMRC and then FM incurred costs, including attorneys fees, exceeding $75,000 in defending against RANTEC's claims.

25.     The United States District Court for the Central District of California, as affirmed by the Ninth Circuit, has already ruled that the Approval Agreement and the indemnity and hold harmless clause in that Agreement applies to RANTEC's claims asserted against FMRC.

26.     RANTEC has failed to indemnify FMRC under the terms of the Approval Agreement.

27.     FMRC has performed all the conditions and obligations to be performed on its part under the Approval Agreement.

28.     By reason of the foregoing, FM, as the successor in interest to FMRC, is properly entitled to be indemnified by RANTEC in an amount to be proven at trial for attorneys' fees and other legal costs that FMRC and then FM incurred in defending the claims asserted by RANTEC in the Massachusetts Lockheed Litigation.

WHEREFORE, Plaintiff FM GLOBAL TECHNOLOGIES LLC prays for judgment against Defendant RANTEC POWER SYSTEMS, INC. and requests that the Court grant FM the following relief:

1. For indemnity for all costs, including attorneys fees, incurred in defending the claims asserted by RANTEC against FMRC, which costs and fees exceed the sum of $75,000, according to proof;

2. For interest according to proof;

3. For costs of suit herein incurred; and

4. Any and all such further relief as the Court may deem just and appropriate.

Dated: June 9, 2005

                                        Respectfully submitted,

                                        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                                        _____
                                        Jonathan D. Mutch (BBO #634543)
                                        800 Boylston Street, 25th Floor
                                        Boston, MA 02199
                                        Tel:   (617) 267-2300
                                        Fax:  (617) 267-8288

                                        Attorneys for FM Global Technologies LLC



# Factory Mutual Research

JUL 29 1991

1151 Boston-Providence Turnpike
P.O. Box 9102
Norwood, Massachusetts 02062
Telephone (617) 762-4300
Telex 92-4415

## APPROVAL AGREEMENT

The Agreement is made by and between Factory Mutual Research Corporation, (herein called FMRC), and Rantec Microwave and Electronics, Incorporated, Calabasas, California 91302 (herein called the Client). The Client is making a product or providing a service known and described as:

MODEL NUMBERS

TFS-5, TFS-8, TFS-12, TFS-18, TFS-24, TFS-26

TFS-36, TFS-42, TFS-48, TFS-54, TFS-72

TELESCOPING SPRINKLER ASSEMBLY

FOR

USE IN FIRE PROTECTION SYSTEM FOR ANECHOIC CHAMBERS

This product or service has been examined by FMRC as described in the report bearing Job Identification   0J2A2.AH   , dated June 24, 1991

In consideration of FMRC Approval of the product or service the Client is authorized to indicate such approval, as stated by the above report, and agrees to the following and terms stated on the reverse side of this Agreement:

1. The Client shall place a unique identification mark (i.e. model or type number) on the product as stated in the above report and shall not place this mark on any other product unless covered by separate agreement with FMRC.

2. The Client shall use the FMRC Approval mark on the product, but shall not use this mark on any other product unless such other product is covered by separate agreement with FMRC.

3. The Client shall not use, reproduce or distribute the above referenced report by FMRC except in its entirety without any change, deletion or addition thereto. The Client agrees that FMRC may distribute the referenced report and related information within the Factory Mutual System.

(SEE OVER)

Rantec Microwave & Electronics, Inc.
Client

_____
Signature
Mark H. Mawdsley
Name
Vice President and General Manager
Title
24003 Ventura Blvd., Calabasas, CA 91302
Address
July 10, 1991
Date

FACTORY MUTUAL RESEARCH CORPORATION

_____
Signature
John Rennie
Name
Vice President
Title
June 24, 1991
Date

L-15 (8-69)FMRC  PRINTED IN USA

FMRC00001

4. The Client shall assume full responsibility for the design, material, workmanship and operation of the product or the quality of the service rendered and agrees to hold harmless and indemnify FMRC from any claims and liability to the Client or others for any kind or type of injury or damage, including without limitation, loss of earnings or profits, caused by or in any way connected with any of the services rendered by FMRC, or arising out of any defect, accident, damage or injury related to the product or service referenced herein.

5. The Client shall manufacture the product or provide the service as approved by FMRC and no changes of any nature shall be made in the product or service unless notice of the proposed change has been given and written authorization obtained from FMRC. Client agrees to make full and immediate written disclosure to FMRC of all information concerning any defect in or potential hazard of the product or service referenced herein. Failure to provide such notification of changes or defects may result in suspension or withdrawal of FMRC Approval.

6. The Client shall (1) provide the user with adequate instructions for the proper installation, maintenance, and operation of the product; (2) provide adequate facilities for repair of the product and supply replacement parts; (3) provide services to ensure proper installation, inspection or maintenance for products of such nature that it would not be reasonable to expect the average user to be able to provide such installation, inspection or maintenance.

7. The Client shall permit periodic unannounced audits of the manufacturing facilities and quality control procedures for the approved product or unannounced audits of the service locations by FMRC or its representative and shall furnish samples of the approved product for re-examination on request.

8. The Client shall manufacture the product or provide the service only at locations audited by FMRC or its representative and manufacture of products bearing the Factory Mutual Approval mark shall not be done at any other location without prior written authorization by FMRC.

9. The Client shall pay within 30 days after date of invoice the costs of Approval, audit, and subsequent re-inspection, re-examination and listing as a condition of continued Approval.

10. FMRC Approval does not imply or express any warranty of any kind with respect to the Client's product or service, and FMRC assumes no responsibility for defects, failure in service or patent infringement.

11. FMRC reserves the right in its sole judgment to change or revise its standards, criteria, methods or procedures.

12. Approval may be withdrawn by FMRC due to unsatisfactory performance, unsatisfactory results in meeting requirements of re-examination, unsatisfactory quality control, or for violation of or non-compliance with any part of this Agreement. The Client may at any time withdraw from the terms of this Agreement by so notifying FMRC in writing. Regardless of whether withdrawal is made by FMRC or the Client all activities that would indicate or imply Approval shall be immediately discontinued by the Client unless otherwise agreed to in writing by FMRC. FMRC reserves the right to notify the public in general and/or any appropriate party if in its sole judgment the product or service is found to present an unusual danger or hazard.

13. This Agreement is not transferable to another party without prior written authorization by FMRC.

L-15 BACK

FMRC 00002

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __FM Global Technologies LLC v. Rantec Power Systems, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☒   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    __Lockheed v. RFI Supply              00-CV-11818 (JLT)__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☒    Central Division ☐    Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jonathan D. Mutch__
ADDRESS __Robins, Kaplan, Miller & Ciresi LLP, 800 Boylston St, 25th Fl., Boston, MA 02199__
TELEPHONE NO. __617-267-2300__

(CategoryForm.wpd - 5/2/05)

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
FM Global Technologies LLC

**DEFENDANTS**
Rantec Power Systems, Inc.

(b) County of Residence of First Listed Plaintiff: **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jonathan D. Mutch; Robins, Kaplan, Miller & Ciresi LLP, 800 Boylston St., 25th Fl., Boston, MA 02199 (617) 267-2300

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract |  | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332 (a)
Brief description of cause:
Express Indemnity

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Tauro    DOCKET NUMBER 00-CV-11818

DATE: June 9, 2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____