**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| FM GLOBAL TECHNOLOGIES LLC ) | |
| formerly known as ) | |
| FACTORY MUTUAL RESEARCH CORP., ) | |
| ) | |
| Plaintiff, ) | **NO. 05-11226-MLW** |
| v. ) | |
| ) | |
| RANTEC POWER SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

---

**ANSWER OF FACTORY MUTUAL INSURANCE COMPANY AND**
**FACTORY MUTUAL RESEARCH CORPORATION**
**TO THIRD-PARTY COMPLAINT**
**AND**
**REPLY OF PLAINTIFF FM GLOBAL TECHNOLOGIES LLC**
**TO COUNTERCLAIM**

Plaintiff (Defendant in Counterclaim) FM Global Technologies LLC ("FM Global") and

Third Party Defendants Factory Mutual Insurance Company ("FMIC") and Factory Mutual

Research Corporation ("FMRC") (collectively the "FM Entities") hereby provide their Answer

to Rantec Power Systems, Inc.'s ("Rantec")[1] Third Party Complaint and Reply to Rantec's

Counterclaims.

**<u>Response to Allegations re Parties</u>**

1.      The FM Entities have insufficient information to admit or deny the allegations

contained in Paragraph 1.

2.      The FM Entities deny the allegations contained in Paragraph 2, except admit that

FM Global Technologies is a limited liability corporation also known as FM Approvals and state

that its principal place of business is in Johnston, Rhode Island.

---

[1] Rantec states that it is now known as ETS Lindgren, L.P. and references to Rantec or Rantec Power Systems, Inc. herein are intended to include ETS Lindgren, L.P. as well.

3.      The FM Entities deny the allegations contained in Paragraph 3, except admit that FMIC is the successor to the three named insurance companies.

4.      The FM Entities deny the allegations contained in Paragraph 4.

5.      The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 5.

6.      The FM Entities deny the allegations contained in Paragraph 6 as they are stated by Rantec, but admit that FMRC conducted research and testing, including in the area of fire protection systems.

7.      The FM Entities deny the allegations contained in Paragraph 7.

8.      The FM Entities deny the allegations contained in Paragraph 8.

9.      The FM Entities object to Paragraph 9 of the Counterclaim and Third Party Complaint because it purports to incorporate "material allegations" without specifying which allegations Rantec Rantec believes are material, nor does Rantec indicate whether it intends to adopt such allegations as its own, or not.   Paragraph 9, therefore, fails to set forth a short and plain statement of the claim that Rantec intends allege.

**<u>Response to General Allegations</u>**

10.     The FM Entities admit the allegations contained in Paragraph 10.

11.     The FM Entities admit the allegations contained in Paragraph 11.

**<u>Response to Allegations re Anechoic Chambers, Fire Suppression, and Telescoping Sprinkler Assemblies.</u>**

12.     The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 12.

13.     The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 13.

14.     The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 14, except they admit that Rantec manufactured TSAs.

15.     The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 15.

16.     The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 16.

17.     The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 17.

18.     The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 18.

19.     The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 19.

20.     The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 20, except that the FM Entities admit that a conference was held in Norwood,  Massachusetts in or about 1985 regarding anechoic chambers.

21.     The FM Entities deny the allegations contained in Paragraph 21.

### Response to Allegations re FMRC Approval of Rantec TSAs

22.     The FM Entities deny the allegations of Paragraph 22 as they are stated by Rantec, except that the FM Entities admit that FMRC operated an independent testing laboratory.

23.     The FM Entities deny the allegations contained in Paragraph 23, except they admit that FMRC performed testing.

24.     The FM Entities deny the allegations of Paragraph 24, except that the FM Entities admit that Rantec and FMRC entered into an Approval Agreement contract, the terms of which speak for itself.

25.     The FM Entities deny the allegations contained in Paragraph 25 as they are stated by Rantec, except that the FM Entities admit that FMRC performed approval testing at Rantec's request, and that there were communications between FMRC and Rantec which speak for themselves.

26.     The FM Entities deny the allegations contained in Paragraph 26.

27.     The FM Entities deny the allegations contained in Paragraph 27, except that the FM Entities admit that an approval Report was issued, the contents of which speak for itself.

### Response to Allegations re FMRC's Relationship With FMIC

28.     The FM Entities deny the allegations contained in Paragraph 28 as they pertain to them, and have insufficient information to admit or deny the allegations contained in Paragraph 28 as they pertain to any other entity.

29.     The FM Entities deny the allegations contained in Paragraph 29.

30.     The FM Entities deny the allegations contained in Paragraph 30.

31.     The FM Entities deny the allegations contained in Paragraph 31.

### Response to Allegations re FMRC's Required Use of Star and Central Sprinkler Heads And Surge Suppressors

32.     The FM Entities deny the allegations contained in Paragraph 32.

33.     The FM Entities deny the allegations contained in Paragraph 33.

34.     The FM Entities deny the allegations contained in Paragraph 34.

35.     The FM Entities deny the allegations contained in Paragraph 35.

36.     The FM Entities deny the allegations contained in Paragraph 36.

37.    The FM Entities deny the allegations contained in Paragraph 37 to the extent they suggest any false representations on behalf of the FM Entities, and have insufficient information to admit or deny the allegations contained in Paragraph 37 as they pertain to any other entity.

38.    The FM Entities deny the allegations contained in Paragraph 38.

39.    The FM Entities deny the allegations contained in Paragraph 39.

40.    The FM Entities deny the allegations contained in Paragraph 40 to the extent they suggest any false representations on behalf of the FM Entities, and have insufficient information to admit or deny the allegations contained in Paragraph 40 as they pertain to any other entity.

41.    The FM Entities deny the allegations contained in Paragraph 40 to the extent they suggest any false representations on behalf of the FM Entities, and have insufficient information to admit or deny the allegations contained in Paragraph 40 as they pertain to any other entity.

**Response to Allegations re FMRC's Approval Guide**

42.    The FM Entities deny the allegations contained in Paragraph 42, except that the FM Entities admit that FMRC published an Approval Guide, the contents of which speak for itself.

**Response to Allegations re FMIC and Lockheed Develop A
Unique Deployment Method For Rantec TSAs**

43.    The FM Entities deny the allegations contained in Paragraph 43.

44.    The FM Entities deny the allegations contained in Paragraph 44.

45.    The FM Entities deny the allegations contained in Paragraph 45.

46.    The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 46.

47.    The FM Entities deny the allegations contained in Paragraph 47.

48.    The FM Entities deny the allegations contained in Paragraph 48.

49.     The FM Entities deny the allegations contained in Paragraph 49.

### Response to First Claim for Relief

50.     The FM Entities incorporate their response to Paragraphs 1 through 48.

51.     The FM Entities deny the allegations contained in Paragraph 51.

52.     The FM Entities deny the allegations contained in Paragraph 52.

53.     The FM Entities deny the allegations contained in Paragraph 53.

54.     The FM Entities have insufficient information to admit or deny the allegations contained in Paragraph 54.

55.     The FM Entities deny the allegations contained in Paragraph 55.

56.     The FM Entities deny the allegations contained in Paragraph 56.

57.     The FM Entities deny the allegations contained in Paragraph 57.

58.     The FM Entities deny the allegations contained in Paragraph 58, and deny that Rantec is entitled to the relief that it seeks.

### Response to Second Claim for Relief

59.     The FM Entities incorporate their response to Paragraphs 1 through 57.

60.     The FM Entities deny the allegations contained in Paragraph 60.

61.     The FM Entities deny the allegations contained in Paragraph 61.

62.     The FM Entities deny the allegations contained in Paragraph 62.

63.     The FM Entities deny the allegations contained in Paragraph 63.

64.     The FM Entities deny the allegations contained in Paragraph 64.

65.     The FM Entities deny the allegations contained in Paragraph 65.

66.     The FM Entities deny that Rantec is entitled to the relief that it seeks in Paragraph 66.

### Response to Third Claim for Relief

67.     The FM Entities incorporate their response to Paragraphs 1 through 65.

68.     The FM Entities deny the allegations contained in Paragraph 68.

69.     The FM Entities deny the allegations contained in Paragraph 69.

70.     The FM Entities deny the allegations contained in Paragraph 70.

71.     The FM Entities deny the allegations contained in Paragraph 71.

### Response to Fourth Claim for Relief

72.     The FM Entities incorporate their response to Paragraphs 1 through 70.

73.     The FM Entities deny the allegations contained in Paragraph 70.

74.     The FM Entities deny the allegations contained in Paragraph 74.

75.     The FM Entities deny the allegations contained in Paragraph 75.

76.     The FM Entities deny the allegations contained in Paragraph 76.

### Response to Prayer for Relief

The FM Entities deny that Rantec is entitled to the relief it seeks in items numbered 1 through 9 of its prayer for judgment.

### ADDITIONAL AND AFFIRMATIVE DEFENSES

1.     Rantec's Counterclaim and Third Party Claims fail to state claims upon which relief may be granted against the FM Entities.

2.     Rantec's Counterclaim and Third Party Claims are barred by the doctrines of res judicata and/or collateral estoppel.

3.     Rantec's Counterclaim and Third Party Claims are barred by the doctrines of waiver and/or estoppel.

4.      Rantec's Counterclaim and Third Party Claims are barred by Rantec's affirmation and/or ratification of the Approval Agreement based on their acceptance and retention of the benefits of the Approval Agreement.

5.      Rantec's Counterclaim and Third Party Claims are barred by the terms of the Approval Agreement.

6.      Portions of Rantec's Counterclaim and Third Party Claims are barred by Massachusetts General Laws c.93A because the acts complained of did not occur primarily and substantially in Massachusetts.

7.      Portions of Rantec's Counterclaim and Third Party Claims are barred by California Civil Code section 1691.

8.      Rantec's Counterclaim and Third Party Claims are barred by the absence of any fiduciary relationship between the FM Entities and Rantec.

9.      Rantec's Counterclaim and Third Party Claims are barred by the applicable statute of limitations.

**WHEREFORE**, Plaintiff (Defendant in Counterclaim) FM Global Technologies LLC and Third Party Defendants Factory Mutual Insurance Company and Factory Mutual Research Corporation request judgment against Rantec Power Systems, Inc. (now known as ETS Lindgren, L.P.) and request that the Court:

1.      Dismiss Rantec's Counterlclaim and Third Party Complaint with prejudice in its entirety, and Order that Rantec take nothing;

2.      Award the FM Entities their costs and disbursements incurred in the defense of the Counterclaim and Third Party Compalint, including attorneys' fees where authorized; and

3.      Enter such other and further relief as Court may deem just and proper.

FM GLOBAL TECHNOLOGIES, INC.

By its Attorneys,


_/s/ Jonathan Mutch_____
Jonathan Mutch (BBO # 634543)
James S. Harrington (BBO # 543744)
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street, 25th Floor
Boston, MA  02199
Phone: (617) 267-2300
Fax:    (617) 267-8288


Dated: March 17, 2006

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| FM GLOBAL TECHNOLOGIES LLC<br>formerly known as<br>FACTORY MUTUAL RESEARCH CORP., | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | )  NO. 05-11226-MLW |
| | ) |
| RANTEC POWER SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

_____)

## CERTIFICATE OF SERVICE

I hereby that a true and accurate copy of the foregoing Answer to Third Party Complaint and Reply to Counterclaim was filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that I sent the same via regular mail, this 17th day of March, 2006 to:

Patrick J. Hagan, Esq.
Dillingham & Murphy
225 Bush Street
6th Floor
San Francisco, CA 94104-4207


  _/s/ Jonathan D. Mutch_____
Jonathan Mutch (BBO # 634543)
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street, 25th Floor
Boston, MA  02199
Phone: (617) 267-2300
Fax:    (617) 267-8288